IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00029-PAB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   RAYMOND ABEYTA,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on defendant Raymond Abeyta's Motion for Compassionate Release [Docket No. 58]. The government has filed a response opposing the motion. Docket No. 60.

## I. BACKGROUND

On April 24, 2014, Mr. Abeyta pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin. Docket No. 33; Docket No. 52 (judgment). On August 15, 2014, the Court sentenced Mr. Abeyta to, *inter alia*, 162 months imprisonment followed by five years of supervised release. Docket No. 50. Mr. Abeyta is currently incarcerated at USP Canaan in Waymart, Pennsylvania. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. His projected release date is June 15, 2026, approximately seventy months from now. *Id*.

On July 7, 2020, Mr. Abeyta filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Docket No. 58. Mr. Abeyta represents that he has Hepatitis C, which he argues places him at higher risk of mortality from COVID-19.[1] *Id*. at 8. On this basis, Mr. Abeyta requests that the Court grant him compassionate release from the remainder of his prison sentence, modify his term of imprisonment to time served, and allow him to serve the remainder of his sentence on house arrest. *Id*. at 13.

According to the BOP website, as of August 6, 2020, there are currently no inmates or staff members at USP Canaan who are positive for COVID-19. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. Four staff members have recovered from COVID-19. *Id*.

## II. ANALYSIS

"Under § 3582(c)(1)(A)(i)," known as the "compassionate release provision," "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after

---

[1] COVID-19 is an infectious disease caused by a novel coronavirus. See "Q&A on coronaviruses (COVID-19)," World Health Organization, Apr. 17, 2020, https://www.who.int/news-room/q-a-detail/q-a-coronaviruses. COVID-19 became a pandemic in the early months of 2020 and continues to spread around the world and within the United States.

the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. Mr. Abeyta submitted a request to the warden at USP Canaan, which was rejected on May 8, 2020. Docket No. 58 at 13. As more than thirty days have elapsed from the earliest possible date that Mr. Abeyta submitted his request to the warden, the Court has jurisdiction to consider the motion.

### A.   Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction: (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1. Mr. Abeyta's motion does not specify which category his motion falls into. Although Mr. Abeyta's motion points to his Hepatitis C as a reason to grant compassionate release, he does not argue that this is a qualifying medical condition within the meaning of subsection A. The Sentencing Commission has explained that a defendant's medical condition may be an extraordinary and compelling reason warranting a sentence reduction where:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

> (ii)  The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

See U.S.S.G. § 1B1.13, cmt. n.1(A).  Hepatitis C is not a terminal illness, and Mr. Abeyta does not explain how it is a "serious physical . . . condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  See id.; cf. United States v. Dison, 2020 WL 2564677, at * 3 (S.D. Ala. May 20, 2020) (defendant who fails to provide "evidence as to the seriousness of his chronic asthma and its effect on his ability to care for himself in prison" cannot satisfy subsection A).

Instead, the Court will construe the motion as arising under subsection D of the policy statement.[2]  Subsection D allows for release pursuant to extraordinary or compelling reasons, other than those set out in subsections (A)-(C), "[a]s determined by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13, cmt. n.1(D).  "[T]he BOP has issued Program Statement 5050.50 (2019), which lists factors which the BOP uses in determining whether extraordinary and compelling reasons exist for compassionate release."  United States v. Turns, 2020 WL 2519710, at *3 (S.D. Ohio May 18, 2020).  "BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether 'other' extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing,

---

[2] Mr. Abeyta does not argue that subsections B or C apply to him.

release plans, and '[w]hether release would minimize the severity of the offense.'" *Saldana*, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).

Mr. Abeyta does not argue that these subsection D factors weigh in favor of compassionate release, but instead argues that his health issues, combined with the COVID-19 pandemic generally, constitute extraordinary and compelling reasons for his compassionate release. *See* Docket No. 58. However, because the list of factors set out in Program Statement 5050.50 is nonexclusive, the Court will consider whether Mr. Abeyta has met his burden "to prove that [his] medical conditions create extraordinary and compelling reasons warranting a sentence reduction." *United States v. Edington*, No. 19-cr-00174-REB-1, 2020 WL 2744140, at *4 (D. Colo. May 27, 2020).

"The existence of the COVID-19 pandemic no doubt can be described as 'extraordinary' insofar as it is '[b]eyond what is usual, customary, regular, or common.'" *Id.* at *3 (quoting *United States v. Rodriguez*, 2020 WL 1627331 at *7 (E.D. Pa. April 1, 2020)). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Bolze*, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) ("[T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population.").[3]

---

[3] Accordingly, the number of COVID-19 cases at USP Canaan cannot itself warrant release where the inmate otherwise fails to demonstrate his entitlement to compassionate release. The Court notes that there seems to be no active spread of the virus within USP Canaan.

Mr. Abeyta represents that he suffers from Hepatitis C. Docket No. 58 at 8. He characterizes this as a "liver disease" that also causes immunosuppression. *Id*. The Centers for Disease Control and Prevention ("CDC") has indicated that individuals who are in an "immunocompromised state" or have liver disease "might be at an increased risk" of developing severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last accessed August 6, 2020). However, Mr. Abeyta offers no evidence that his Hepatitis C is a "chronic liver disease" within the meaning of the CDC guidelines. As the government points out, the CDC currently states that there is "no information" as to whether people with Hepatitis C are at increased risk of serious illness from contracting COVID-19. *See* Centers for Disease Control and Prevention, *What to Know About Liver Disease and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html; *see also United States v. Cosby*, 2020 WL 3840567, at *4 (S.D. Cal. July 7, 2020). Similarly, Mr. Abeyta points to no evidence that he is currently immunocompromised as a result of his Hepatitis C diagnosis. *See* Docket No. 61 (medical records). Although some courts have determined that "liver damage[] from long-term, untreated [H]epatitis C" is a medical condition that could support compassionate release in light of the COVID-19 pandemic, the Court is not persuaded that Mr. Abeyta has made such a showing here. *See United States v. Pullen*, 2020 WL 4049899, at *6 (D. Kan. July 20, 2020).

Even were there some evidence that Mr. Abeyta's medical conditions put him at higher risk of severe outcomes from COVID-19, the Court finds that the compassionate release factors under subsection D – the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and whether release would minimize the severity of the offense – do not weigh in favor of release. *Saldana*, 807 F. App'x at 818. Mr. Abeyta has a lengthy criminal history, having been convicted as an adult of, *inter alia*, felony menacing, trespassing, criminal mischief, possession of a controlled substance, and disorderly conduct. Docket No. 48 at 7-14. At sentencing, the Court found that Mr. Abeyta's criminal history category was VI, the highest criminal history category. Docket No. 52 at 7. Mr. Abeyta's current sentence is 162 months – at the top of the guideline range for the offense of conviction – and he has served approximately 80 months, or just under half of the sentence imposed by the Court. Moreover, it appears to the Court that Mr. Abeyta has accumulated a lengthy disciplinary record while serving his sentence. *See* Docket No. 60-4. The Court finds that releasing Mr. Abeyta now would minimize the seriousness of his offenses and would pose a risk to the public.

The Court has determined that Mr. Abeyta has failed to establish that compelling and extraordinary circumstances exist justifying compassionate release. Accordingly, the motion will be denied.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Raymond Abeyta's Motion for Compassionate Release [Docket No. 58] is **DENIED**.  It is further

**ORDERED** that defendant's *pro se* Letter [Docket No. 56] requesting compassionate release is **DENIED AS MOOT**.

DATED August 11, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge